# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCELL WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>G. PICCININI, ET AL.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00314-APG-DJA<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Discovery – Scheduling Order (ECF No. 24), filed on November 5, 2020. Defendants filed a Response (ECF No. 27) on November 19, 2020. No reply was filed to date. Plaintiff requests that the Court enter a scheduling order so that discovery can commence in this case. Defendants oppose the entering of a scheduling order given Plaintiff's recent filing on November 4, 2020 of a first amended complaint and seek that it be screened prior to discovery commencing. As this matter was not settled at the early mediation conference and the stay has been lifted, the Court will grant Plaintiff's request and enter a scheduling order. The Court will address the propriety of the first amended complaint and Defendants' screening request below.

**I.　　Discovery Plan and Scheduling Order**

Under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 16(b) and Local Rule (LR) 16-1, this Scheduling Order must be filed and served by the Clerk of Court on the parties or their counsel, if there is counsel of record. When the term "counsel" is used in this Scheduling Order,

it includes any and all parties appearing pro se. Accordingly, the Court hereby issues the following scheduling order.

1. Any and all pleadings that may be brought under Fed. R. Civ. P. 13 and 14, or joining additional parties under Fed. R. Civ. P. 19 and 20, must be filed within **60 days** from the date of this Order, which is **February 14, 2021.** Any party causing additional parties to be joined or brought into this action must contemporaneously serve a copy of this Order on the new party or parties.

2. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if they are allowed without leave of Court, or motions for leave to amend, must comply with LR 15-1 and must be filed and served within **60 days** from the date of this Order, which is **February 14, 2021**.

3. **DISCOVERY:**

    (a) Under LR 16-1(b), discovery in this action must be completed within **90 days** from the date of this Order, which is **March 16, 2021**.

    (b) Under Fed. R. Civ. P. 33 (a)(1), unless otherwise stipulated by the parties or ordered by the Court, a party may serve on any other party <u>no more than 25 written interrogatories, including discreet subparts</u>.

    (c) Under LR 26-7, unless otherwise ordered by the Court, written discovery, including responses to written discovery, certificates of service pertaining to written discovery, and deposition transcripts must **not** be filed with the Court unless they are submitted in support of or in response to a motion. Originals of responses to written discovery requests must be served on the party who served the discovery request and that party must make the originals available at the pretrial hearing, at trial, or when ordered by the Court. Likewise, the deposing party must make the original transcript of a deposition available at any pretrial hearing, at trial, or when ordered by the Court.

4. **EXTENSIONS OF DISCOVERY:** Under LR 26-3, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery must be received by the Court at least **21 days** before the expiration of the subject deadline. The motion or stipulation must include:

(a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

5. **DISCOVERY MOTIONS:**

(a) Discovery motions must be filed and served no later than **104 days** from the date of this Order, which is **March 30, 2021**.

(b) Before filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. The parties are further advised that:

(1) Fed. R. Civ. P. 37(a)(1) mandates that any discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court order"; and that,

(2) Local Rule 26-6(c) states that a discovery motion "will not be considered unless a statement of the movant is attached certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without court action."

These two rules apply to any inmate civil right action brought under 42 U.S.C. § 1983. While the Court recognizes an inmate might not be able to meet personally with opposing counsel, nevertheless an inmate will still be required to attempt to resolve any discovery dispute either by a telephone consultation or a written communication whereby the inmate sincerely attempted to resolve the discovery dispute.

        (c)       Text of Discovery Materials in Dispute

Local Rule 26-6(b) requires that all motions to compel discovery or for protective order must set forth in full the text of the discovery originally sought and the responses thereto, if any. The Court prefers that the actual discovery response which is the subject of a discovery dispute be submitted to the Court.

6.     Motions for summary judgment must comply with the requirements of LR 56-1 and must be filed and served no later than **30 days after the close of discovery**, which is **April 15, 2021**.

7.     No motion filed beyond the time limit fixed by this Scheduling Order will be considered by the Court unless the Court grants an exception for good cause shown.

8.     If the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, the shorter time limits will apply notwithstanding the time limits set in this Scheduling Order. Under the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 6 of this Order.

9.     **PRETRIAL:** Pursuant to LR 16-3(a), the parties must file a Joint Pretrial Order **30 days** after the date for filing motions for summary judgment. If dispositive motions are filed, the date for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or until further order of the Court.

10. Any party who seeks to amend this Scheduling Order must file and serve a motion, not later than **21 days** before the deadline for which the party seeks amendment, stating the proposed amendments and the reasons for the amendments. After expiration of the 21-day period, any amendment of this Scheduling Order will be granted only upon a showing of good cause and excusable neglect.

## II. Screening the First Amended Complaint

Additionally, this matter is before the Court on Defendants' Motion to Screen Plaintiff's Amended Complaint (ECF No. 26), filed on November 26, 2020. To date, no response has been filed. On November 4, 2020, Plaintiff filed a First Amended Complaint (ECF No. 23) and then on November 30, 2020, Plaintiff filed a Supplemental List of Defendants for the First Amended Complaint (ECF No. 28). He failed to seek leave of the Court to file a First Amended Complaint under Fed.R.Civ.P. 15. However, Defendants indicate that they do not oppose the Court granting Plaintiff leave to amend as they concede that Rule 15's liberal standard would apply. Plaintiff is notified that he is expected to comply with the Rules of Federal Procedure, but in an effort to move this case along to an expeditious resolution, the Court will grant Plaintiff leave to file the First Amended Complaint. As such, it hereby supersedes the prior Complaint (ECF No. 10).

As to Defendants' request that the undersigned screen the First Amended Complaint, the Court declines to do so as it would not be in the interest of judicial efficiency. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). That preliminary screening has already been done of the complaint. Section 1915A does not require the Court to screen the first amended complaint as Defendants had an opportunity to oppose Plaintiff's improper filing of the First Amended Complaint and they declined to do so. *See Rodriguez v. Naphcare*, 2018 WL 6435881, at *2 (D. Nev. Dec. 7, 2018) (finding the Court

was not required to screen the second amended complaint post a screening order being issued). Further, the parties have already been through the early inmate mediation program on the complaint.  Having considered the First Amended Complaint and Defendants' arguments as to its deficiencies, the Court does not find that it significantly differs from the original complaint as to require screening again.  Further, that would only delay the commencement of discovery as the original screening already permitted claims to survive so re-screening would not fully resolve this case.  Construing the PLRA as Defendants suggest – to screen every amended complaint regardless of how far a case has progressed – would increase the burden on the Court's limited resources.  Therefore, the parties should continue on the normal litigation track and Defendants may address any deficiencies of the First Amended Complaint in their responsive pleading.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery – Scheduling Order (ECF No. 24) is **granted** and the above scheduling order shall govern discovery.

**IT IS FURTHER ORDERED** that Defendants' Motion to Screen Plaintiff's Amended Complaint (ECF No. 26) is **denied**.

**IT IS FURTHER ORDERED** that within 21 days of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

**IT IS FURTHER ORDERED** that if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

**IT IS FURTHER ORDERED** that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the First Amended Complaint (ECF No. 23) within sixty (60) days from the date of this order.

DATED: December 17, 2020

_____
**Daniel J. Albregts**
**United States Magistrate Judge**