UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCELL WILLIAMS,<br><br>   Plaintiff<br><br>v.<br><br>GARY PICCININI, et al.,<br><br>   Defendants | Case No.: 2:20-cv-00314-APG-DJA<br><br>**Order Denying Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 30, 31] |

Plaintiff Marcell Williams is an inmate at Ely State Prison (ESP) who suffers from epileptic seizures. His first amended complaint asserts claims against various defendants for alleged civil rights violations that occurred while he was incarcerated at Southern Desert Correctional Center. As relevant here, he also asserts claims against ESP associate warden of operations David Drummond and ESP caseworker/corrections officer James Underwood related to his placement in a cell with a non-functioning PA button despite their knowledge that he suffers from epileptic seizures.[1]

Williams moves for a temporary restraining order and preliminary injunction requesting that information be added to his inmate identification card inside the correctional officers' "bubble" notifying officers that he suffers from seizures and "ordering officers to respond to plaintiff's emergency call button and to give extra attention to plaintiff during [inmate] count times." ECF No. 30 at 6. The defendants oppose, arguing among other things that there is not a sufficient relationship between Williams' claims against the ESP defendants and his requested relief.

---

[1] By Williams' own allegations, the PA button has been fixed. ECF No. 23 at 5.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Additionally, in the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

Further, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus," [I] lack[] authority to grant the relief requested." *Id.*

I deny Williams' motions because the requested relief is not sufficiently related to the claims in his amended complaint.  Williams asserts in the amended complaint that while incarcerated at ESP he was placed in a cell with a non-functioning PA button despite Drummond and Underwood's knowledge of his epileptic seizures, and it took approximately 30 days to fix the button, during which he time he suffered additional seizures. ECF No. 23 at 5-6.  Although the amended complaint alleges that correctional officers at Southern Desert failed to respond to the emergency call button when Williams had seizures, it does not contain factual allegations that ESP officers similarly have failed to respond.  Nor does Williams assert a deliberate indifference claim against Drummond or Underwood (or any other ESP employee) for failing to respond to an emergency call.  To the extent Williams requests that his inmate identification card indicate that he is an epileptic so that officers will know an emergency call may be related to his seizures, Williams has not alleged or shown that he has ever requested and been denied that relief.

Moreover, Williams' requested relief is vague, would be difficult to enforce, and would entangle the court in day-to-day prison administration in a manner that is not warranted on the record before me.  Williams request that I order the defendants to put information on his inmate identification card "ordering officers to respond to plaintiff's emergency call button and to give extra attention to plaintiff during [inmate] count times."  It is unclear what "extra attention" Williams seeks.  And an order requiring officers to respond is too vague to enforce while ordering a specific response time may impinge on other prison administration considerations, such as staffing, security, and response to other conditions that may be occurring at the same time.  Absent evidence that ESP officers have a pattern of failing to timely respond to emergency calls to Williams' cell that is likely to continue if not enjoined, Williams has not shown either a

likelihood of success or that the balance of hardships tips in his favor to warrant extraordinary relief of this nature.

I THEREFORE ORDER that plaintiff Marcell Williams' motion for a temporary restraining order **(ECF No. 30)** and motion for preliminary injunction **(ECF No. 31) are DENIED**.

DATED this 8th day of January, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE